NOTICE

*The text of this opinion can be corrected before the opinion is published in the Pacific Reporter. Readers are encouraged to bring typographical or other formal errors to the attention of the Clerk of the Appellate Courts:*

*303 K Street, Anchorage, Alaska 99501*
*Fax: (907) 264-0878*
*E-mail: corrections@akcourts.us*

IN THE COURT OF APPEALS OF THE STATE OF ALASKA

JOSHUA SAVO,

Appellant,

v.

STATE OF ALASKA,

Appellee.

Court of Appeals No. A-11742
Trial Court No. 3DI-13-101 CR

O P I N I O N

No. 2511 — August 12, 2016

Appeal from the District Court, Third Judicial District, Dillingham, Patricia L. Douglass, Judge.

Appearances: Hanley R. Robinson, Anchorage, under contract with the Public Defender Agency, and Quinlan Steiner, Public Defender, Anchorage, for the Appellant. Jack R. McKenna, Assistant District Attorney, Anchorage, and Craig W. Richards, Attorney General, Juneau, for the Appellee.

Before: Mannheimer, Chief Judge, Allard, Judge, and Suddock, Superior Court Judge.[*]

Judge MANNHEIMER.

---

[*] Sitting by assignment made pursuant to Article IV, Section 16 of the Alaska Constitution and Administrative Rule 24(d).

Joshua Savo was charged with, and ultimately convicted of, two crimes: fourth-degree assault and interfering with a report of domestic violence. [1]

Before trial, Savo's attorney gave notice that he would present a defense of self-defense. But just prior to jury selection, at the behest of the prosecutor, Savo's trial judge issued an unusual ruling: she prohibited the defense attorney from mentioning anything about self-defense during jury selection and during his opening statement. The judge concluded that it would be improper to have the jurors hear anything about this proposed defense until later in the trial, after the defense attorney had actually introduced evidence that was sufficient to support a jury instruction on self-defense.

The judge's ruling was a significant error. It prevented the defense attorney from questioning the prospective jurors regarding self-defense — while at the same time giving the prosecutor free reign to question the jurors about the State's theory of the case. In addition, by requiring the defense attorney to avoid mentioning self-defense in his opening statement, the judge's ruling made it falsely appear as though the defense attorney had come up with the idea of self-defense at the last moment, during the trial itself.

We therefore reverse Savo's convictions.

*A more detailed look at this case*

Three days before Savo's trial, the prosecutor filed a motion *in limine* asking the judge to completely preclude Savo from pursuing a claim of self-defense. In this motion, the prosecutor argued that there was no view of the evidence that could possibly justify a claim of self-defense.

---

[1]    AS 11.41.230(a)(1) and AS 11.56.745(a), respectively.

The prosecutor's motion was frivolous. The State's own pre-trial disclosure included information that Savo's girlfriend had punched him, and that Savo had telephoned the police (from a closet) to report that his girlfriend had assaulted him. Thus, even before the defense presented any evidence of its own, it was obvious that there *was* evidence to support a claim of self-defense.

What the prosecutor really argued in her motion was that no juror could possibly *believe* a claim of self-defense — *i.e.*, no reasonable juror could believe that Savo's girlfriend was the initial aggressor or, even if she was, no reasonable juror could believe that Savo's response was proportionate.

These were matters for the jury — and the trial judge should simply have denied the State's motion.

But instead of denying the State's motion outright, the trial judge temporized. The judge declared that there was no reason to decide immediately whether Savo would be allowed to litigate a claim of self-defense; instead, the judge decided to defer her decision on this matter. But she ruled that, in the meantime, Savo's attorney was precluded from mentioning self-defense in any fashion until he was ready to present evidence of self-defense. Even then, the judge declared, the defense attorney would have to argue the matter outside the presence of the jury, so that the judge could issue a ruling on the State's motion *in limine* before the defense attorney presented any evidence of self-defense to the jury:

> *The Court*: [Regarding the State's] motion *in limine* to preclude a [defense of] self-defense: I don't need to rule on that [motion until] such time as the defense puts on evidence of self-defense. Then that will be appropriate. But make sure that you understand, Mr. [Defense Attorney]: there will be no mention of self-defense in your opening [statement] or [at] any other time until we've addressed this

motion *in limine*.  And so, if at some point you're ready to put on evidence of self-defense, then you need to alert the Court, and we will address this motion out of the presence of the jury.

The trial judge apparently based her decision on the rule that a jury should not be instructed on self-defense at the conclusion of a trial unless there is sufficient evidence to support a verdict in the defendant's favor on the claim of self-defense.

But the judge mistakenly interpreted this rule to mean that a defense attorney is *barred from mentioning* self-defense, and is *barred from presenting any evidence* of self-defense, until the attorney has made an offer of proof regarding the evidence that will support the claim of self-defense, and the judge has affirmatively concluded that this evidence is sufficient to support a jury verdict in the defendant's favor on the claim of self-defense:

> *The Court*:  [T]he rules are very clear, as is the case law, that in order to present self-defense, there must be some ... evidence showing self-defense.  And ... until that "some evidence" is presented, ... you can't argue it.  So obviously, ... you can't present it in your opening [statement], because you haven't [yet] presented some evidence of self-defense.
>
> As I said, when the trial starts and evidence is being put on — whether it's during the [State's] case-in-chief ... or during your cross-examination of [the State's] witnesses, or in your own case — [and] you come to the point where you want to put on evidence of self-defense, then you need to let the Court know.  We'll clear the courtroom, [and] we'll have a hearing on the [State's] motion *in limine*, and then we'll proceed after a ruling at that point. And that's the appropriate way to do it.

It is true that unless "some evidence" of self-defense is presented during the trial (*i.e.*, evidence sufficient to allow reasonable jurors to find in the defendant's favor on the claim of self-defense), the jurors should not be instructed on self-defense, and the defense attorney can be prohibited from arguing self-defense during summation.[2] But this rule applies at the conclusion of the trial, after all the evidence has been received — when the judge can make informed rulings as to what legal doctrines the jurors should and should not consider when they deliberate.

This rule does not give a judge the authority to prohibit an attorney from mentioning their theory of the case during jury selection or during opening statement. As this Court suggested in *Clarke v. State*,[3] a trial judge should normally wait until the close of the evidence and then, if the evidence does not provide a legally sufficient basis for a self-defense verdict, the trial judge should simply instruct the jury that the doctrine of self-defense does not apply to the defendant's case.

We acknowledge that trial judges have considerable discretion to limit the questions asked during jury selection, and to restrict the content of the attorneys' opening statements, if (1) there is a significant dispute as to what evidence will be admissible at trial, or whether a particular claim or defense can lawfully be presented at trial, and if (2) it is not possible to resolve this dispute before the parties begin their presentation of evidence.

---

[2]  *See Shane v. Rhines*, 672 P.2d 895, 901 (Alaska 1983) (holding that a trial judge can properly forbid an attorney from arguing legal theories "having no bearing on the facts at hand", and which "might tend to distract or confuse the jury"); *Clarke v. State*, unpublished, 2009 WL 3681650, *5 (Alaska App. 2009) (holding that a trial judge may properly forbid a defense attorney from arguing self-defense when there is insufficient evidence to justify a jury instruction on self-defense).

[3]  *Clarke v. State*, unpublished, 2009 WL 3681650, *2, *5 (Alaska App. 2009).

But in Savo's case, Savo's attorney had given pre-trial notice of his intent to argue self-defense, and even the evidence already known to the State provided support for this claim of self-defense. In the State's motion *in limine*, the prosecutor basically asserted that any claim of self-defense would be implausible. But "implausibility" is no legal bar to the presentation of a claim.

More importantly, the trial judge gave Savo's attorney no opportunity to resolve this issue before jury selection and opening statements took place.

The State asserts that the trial judge invited the defense attorney to make an immediate offer of proof (in advance of jury selection) describing the evidence that would support Savo's claim of self-defense. But the record does not support the State's assertion.

Rather, as can be seen from the judge's ruling quoted above, the judge apparently believed that she could make no decision on this issue until "the trial starts and evidence is being put on". Based on this belief, the trial judge concluded that she had to preclude the defense attorney from mentioning self-defense during jury selection and during his opening statement — because jury selection and opening statements take place before the parties begin to present their evidence.

All of this was error. And this erroneous ruling prejudiced the defense: it improperly restricted the defense attorney's ability to question the prospective jurors, and it likewise improperly constrained the defense attorney's opening statement.

The restrictions on jury *voir dire* were obviously prejudicial to Savo. His defense attorney could reasonably have wished to question the prospective jurors regarding their attitudes toward situations where a man claims self-defense in a domestic violence situation — for instance, whether some of the jurors believed that a man should never strike a woman, even in self-defense. Or the defense attorney could reasonably have wished to question the jurors regarding their knowledge of Savo himself —

whether, because of previous acquaintance or community reputation, some of the jurors might be inclined to reject out of hand any assertion that Savo acted in self-defense.

We note that although the trial judge restricted the defense attorney's ability to question the prospective jurors about the defense theory of the case, the judge allowed the prosecutor full rein to question the jurors about the State's theory of the case. For instance, the prosecutor asked the jurors whether they felt that domestic violence was a significant problem in the region, and the prosecutor also asked the jurors whether they could "imagine that [a] person who beat somebody ... up might call the cops because they think they have a better chance of getting away with it if they call the cops".

With regard to the limitation on the defense attorney's opening statement, the trial judge's ruling created the possibility that when the defense attorney ultimately argued self-defense during his summation at the end of the trial, the jurors might have thought that this theory of defense was a new theory concocted during the trial — when, in fact, Savo's attorney had given notice before trial that this would be Savo's defense.

For these reasons, we reverse Savo's convictions.

### *Conclusion*

The judgement of the district court is REVERSED.